NORTH AMERICAN INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30183. Promulgated October 22, 1931.

*M. Manning Marcus, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

TRAMMELL: The respondent has determined a deficiency in income tax for 1923 in the amount of $654.73, of which the petitioner admits that $119.16 is correct. A redetermination of the balance of the deficiency is sought on the ground that the respondent erred in disallowing the deduction of a loss in the amount of $4,284.50 claimed in the return. The petitioner is a New Mexico corporation, with principal office at German Valley, Ill.

It is alleged in the petition and admitted in the answer that A. L. Parsons, hereinafter referred to as Parsons, then president of the petitioner, fraudulently issued certificates of capital stock of the petitioner as follows: In 1909 certificate No. 44, for 20 shares, to D. J. Avers, who assigned the stock to H. W. Brockmeier, and certificate No. 57, for 57 shares, to H. W. Brockmeier, in 1910, certificate No. 77, for 12 shares, to H. W. Brockmeier. The petitioner has always disputed the validity of these certificates, aggregating 89 shares, and has refused to pay dividends upon them.

In 1912, it came to the notice of Henry C. Fosha, then assistant secretary of the petitioner, that the above described certificates had been issued by Parsons, whereupon Fosha made a personal investigation of petitioner's records, which resulted in the conclusion that no cash or other consideration had ever been paid in for the 89 shares

and that the board of directors had never authorized the issue of the certificates. These disclosures resulted in the severing of relations of Parsons with the petitioner. H. W. Brockmeier, hereinafter referred to as Brockmeier, refused to surrender the certificates, pointing out that they were duly signed by the president and the secretary of the petitioner. Thereafter Brockmeier was paid dividends upon 452 shares of petitioner's stock which he admittedly owned, but the petitioner refused to pay him dividends upon the 89 shares above described and Brockmeier made no objection to this action. Brockmeier died in 1921 and in 1922 his widow, as executrix, made demand upon the petitioner for full recognition and the payment of dividends upon said 89 shares and threatened suit to enforce her demands. Thereupon a settlement was effected, whereby the petitioner acquired the 89 shares for a consideration of $4,284.50, which was paid in cash, and the shares were surrendered—all in the taxable year. The par value of the shares was and is $100 per share.

The petitioner claims that it is entitled to a deductible loss on account of the above payment. The primary purpose of the payment was to settle a controversy and avoid embarrassing litigation and not to acquire stock. They did not recognize the stock itself as having value and their object was to get rid of it through this means. It acquired nothing of any recognized value, but paid out money in the nature of damages. It had not recognized the stock as outstanding but knew that it had been fraudulently issued. It sustained no loss until the payment was made—no recovery could be had from Parsons and it had no way of making itself whole. We think the petitioner is entitled to the deduction.

*Judgment will be entered under Rule 50.*